UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHONDELLE WEST,

                Plaintiff,                      REPORT AND
                                                                      RECOMMENDATION
   -against-
                                                                         09 CV 3792 (RRM)(RML)

JOHN ARBOGAST and SONIA F. ELLIOTT,

                Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated February 2, 2010, the Honorable Roslynn R. Mauskopf, United States District Judge, referred all issues in this case relating to service of process to the Honorable Andrew L. Carter, Jr., United States Magistrate Judge. On August 18, 2010, Judge Carter recused himself from the case and it was reassigned to me. Defendants Sonia Elliott and John Arbogast ("Elliott" and "Arbogast" or, collectively, "defendants") now move to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service of process as required by Rule 4(m). For the reasons stated below, I respectfully recommend that defendants' motion be granted in part and that plaintiff's claims be dismissed without prejudice.

## BACKGROUND

        Plaintiff Shondelle West ("plaintiff" or "West") commenced this action on September 1, 2009. The complaint alleges violations of wage laws, including the Fair Labor Standards Act ("FLSA") and New York State Labor Law. In a letter to Judge Carter dated January 10, 2010, as well as a subsequent letter to Judge Mauskopf, dated February 4, 2010, defendants alleged that, contrary to an affidavit of service filed on January 12, 2010, service of the Summons and Complaint was defective. On March 22, 2010, defendants filed a motion to dismiss for

improper service under Fed. R. Civ. P. 4(m).

On March 26, 2010, with permission from Judge Carter, plaintiff filed an amended complaint. In a letter to Judge Carter dated April 27, 2010, defendant Elliott requested that he decide her March 22, 2010 motion to dismiss and informed Judge Carter that plaintiff had not yet served her with a copy of the Amended Complaint. On May 11, 2010, Judge Carter declared the March 22, 2010 motion to dismiss moot in light of the amendment of the complaint and directed plaintiff to serve the Amended Complaint on defendants on or before July 26, 2010. Claiming that, despite Judge Carter's order, plaintiff had yet to serve them with copies of the Amended Complaint, on July 27, 2010, defendants moved again to dismiss with prejudice for lack of service of process. In that motion, defendants also reiterated that service of the original complaint was defective.

On August 30, 2010, plaintiff moved for summary judgment on her FLSA and New York Labor Law claims.[1] In her motion, plaintiff also argued that she properly served defendants with the original Complaint. However, plaintiff has never addressed, in any submission to this court, defendants' claims that they were never served with the Amended Complaint.[2] Nor has she filed proof of service of the Amended Complaint.

## DISCUSSION

A plaintiff has 120 days after filing the complaint within which to serve the defendant(s). Fed. R. Civ. P. 4(m). If the plaintiff fails to serve within that time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. If the plaintiff shows

---

[1] On August 31, 2010, Judge Mauskopf denied this motion as premature.

[2] Plaintiff did concede, at a September 30, 2010 status conference, that she failed to properly serve defendants with her motion for summary judgment.

good cause for the failure to serve, the court must extend plaintiff's time to serve.  Id

Here, plaintiff filed the Amended Complaint on March 26, 2010.  However, there is no proof of service upon either defendant, and defendants have been claiming, since April 27, 2010, that they were never served.  Despite multiple court appearances, plaintiff has never addressed defendants' contention.  Indeed, plaintiff filed her August 2010 motion for summary judgment subsequent to filing the Amended Complaint, and the motion cites service dates and attaches proofs of service that correspond to service of the original Complaint, rather than the Amended Complaint. (See generally Motion for Summary Judgment, dated Aug. 30, 2010.)  Moreover, at status conferences on September 30, 2010 and October 29, 2010, plaintiff assured the court that defendants' motion to dismiss was fully briefed and ripe for decision. Thus, while plaintiff has argued that she fully complied with the Federal Rules of Civil Procedure with respect to service of all submissions except her motion for summary judgment, her failure to file proof of service or respond to defendants' repeated assertions that they never received the Amended Complaint is an implied admission that she never served it on defendants.

Even if plaintiff's service of the original Complaint was proper—which defendants dispute—"[p]roper service of the Original Complaint does not excuse failure to serve the Amended Complaint."  Kucher v. Alternative Treatment Center of Paterson, LLC, No. 05-CV-3733, 2009 WL 1044626, at *3 (E.D.N.Y. Mar. 27, 2009) (recommending that case be dismissed without prejudice because the plaintiffs never served the defendants with the amended complaint), adopted by 2009 WL 1045989 (E.D.N.Y. Apr. 20, 2009).  By filing the Amended Complaint, plaintiff mooted the original Complaint, see Miller v. Am. Export Lines, Inc., 313 F.2d 218, 218 (2d Cir. 1963) (per curiam), and entitled defendants "to raise substantive arguments . . . in a new responsive pleading, even if those arguments were not raised in response to the original complaint."  Kucher, 2009 WL

1044626, at *3 (quoting In re Parmalat Sec. Litig., 421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006)). Thus, plaintiff's failure to serve the Amended Complaint is an appropriate ground for dismissal under Fed. R. Civ. P. 4(m).

The circumstances of this case warrant a dismissal rather than an extension of time. Over seven months have passed since plaintiff amended the complaint, yet, by all indications, she has never attempted to serve the Amended Complaint, nor has she requested an extension of time to do so. Furthermore, plaintiff has contravened Judge Carter's May 11, 2010 order that she serve defendants by July 26, 2010. See Blaize-Sampeur v. McDowell, No. 05-CV-4275, 2008 WL 53242, at *2 (E.D.N.Y. Jan. 2, 2008) ("Courts have repeatedly found that 'dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives.'" (quoting Yulle v. Barkley, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007))). Nothing in the record indicates that service would have been difficult or complicated in this case. Thus, there is no evidence to support a finding of good cause for plaintiff's failure to serve. See AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause.").

While the court may grant an extension of time to serve in the absence of good cause, it is not required to do so. See Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007). I find it inappropriate to do so here, as plaintiff has made no effort to seek any relief from the requirements of Fed. R. Civ. P. 4(m). Plaintiff has been on notice of defendants' contention that they have not been served for seven months and has not, in that time, either filed notice of service or taken any steps to effectuate service. Furthermore, an extension is inappropriate because of plaintiff's repeated failure to serve documents properly; plaintiff herself concedes she did not

comply with the court's order with respect to service of her motion for summary judgment. The action therefore should be dismissed without prejudice.

Defendants seek dismissal with prejudice. However, Rule 4(m) does not provide for such a remedy. Moreover, dismissal without prejudice would not impose an undue hardship upon plaintiff. There is no indication in the record that the statutes of limitations applicable to plaintiff's claims have expired. Thus, plaintiff is presumably free to file her claims in a new action.

## CONCLUSION

For the reasons stated above, I respectfully recommend that defendants' motion be granted in part and that the case be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Mauskopf and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
November 5, 2010